# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**LUEVRIN LOTT**                                                                                     **PLAINTIFF**

**v.**                                               **CIVIL NO. 3:23-cv-00141-HTW-BWR**

**ACTING COMMISSIONER OF**                                    **DEFENDANT**
**SOCIAL SECURITY,** *Kilolo*
*Kijakazi*

## REPORT AND RECOMMENDATION

Plaintiff Luevrin Lott seeks judicial review of the final decision of the Commissioner of Social Security Administration denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI respectively of the Social Security Act, 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3). Plaintiff filed a Brief [7], the Commissioner a Memorandum [9], and Plaintiff a Reply [10]. Having reviewed these submissions, the administrative record, and relevant law, it is recommended that the Commissioner's decision be reversed and remanded. The ALJ legally erred by not addressing a treating nurse practitioner's medical opinion, and it is not inconceivable that a different conclusion would have been reached absent the error.

## I. BACKGROUND

Plaintiff filed applications for DIB and SSI on April 1, 2021, alleging disability beginning March 14, 2021, when she was fifty-six years of age, due to "Hypertension, Diabetes – Type 2, Diabetic – Neuropathy [Both Feet], Diabetic – Retinopathy [Both Eyes], MDD, Both Eyes Problem, GAD." R. [6] at 65, 69. Plaintiff has an associate's

degree in medical assisting and past relevant work as a clinic office nurse and store cashier. *Id.* at 42-44, 53. Her applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an ALJ, and a telephonic hearing before an ALJ was held on June 14, 2022. *Id.* at 37-58. Plaintiff and a vocational expert testified. *Id.* at 42-58. Plaintiff was represented by a non-attorney advocate. *Id.* at 37.

On July 20, 2022, the ALJ issued a decision unfavorable to Plaintiff. *Id.* at 20-30. Applying the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4), the ALJ determined that Plaintiff was not disabled from her alleged onset disability date of March 14, 2021, through the date of the ALJ's decision, July 20, 2022. *Id.* at 30. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 14, 2021. *Id.* at 23. At step two, the ALJ found the following medically determinable impairments:

> Diabetes mellitus with diabetic neuropathy, calluses on bilateral feet, hypertension, major depressive disorder, and generalized anxiety disorder (20 CFR 404.1521 *et seq.* and 416.931 *et seq.*).

*Id.* at 23-24.

To evaluate the severity of Plaintiff's medically determinable mental impairment, the ALJ proceeded to rate the degree of functional limitations in each of the following four broad areas of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. §§

2

404.1520a, 416.920a. In each area of mental functioning, the ALJ concluded that Plaintiff's limitations were mild. R. [6] at 28-29. The ALJ ultimately found that Plaintiff did not have a severe medically determinable impairment and denied her applications at step two. *Id.* at 23-24. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner and subject to judicial review under 42 U.S.C. § 405(g) and 1383(c)(3).

On appeal, Plaintiff maintains two claims of error. She argues that the ALJ reversibly erred by (1) finding that Plaintiff's mental impairment was not a severe impairment and (2) not evaluating a favorable medical opinion by a treating nurse practitioner regarding Plaintiff's functional limitations from mental impairment. Pl.'s Br. [7] at 2.

## II. DISCUSSION

A. <u>Legal Standards</u>

The Court reviews the Commissioner's denial of Social Security benefits only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Salmond v. Berryhill*, 892 F.3d 812, 816-17 (5th Cir. 2018). "Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The five-step sequential evaluation process for

deciding whether a claimant is disabled is found in 20 C.F.R. § 404.1520(a)(4) and 416.920(a)(4). The Commissioner considers (1) whether the claimant is engaged in "substantial gainful activity," (2) the severity and duration of the claimant's impairments, (3) whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations, (4) whether the claimant can still do "past relevant work," and (5) whether the impairment prevents the claimant from doing any relevant work. *Id.* "The claimant bears the burden on the first four steps." *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021). "If the claimant advances that far, the burden shifts to the Commissioner to prove the claimant's employability." *Id.* (quotation marks and citation omitted).

For claims filed on or after March 27, 2017 like Plaintiff's, the Commissioner revised the medical evidence rules about acceptable medical sources and how the Commissioner considers and articulates the consideration of medical opinions and prior administrative medical findings. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations dispense with the treating source rule and now ALJs are directed to "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions or prior administrative medical findings." 20 C.F.R. § 404.1520c(a), 416.920c(a). Revised 20 C.F.R. §§ 404.1520c and 416.920c provide that an ALJ "will articulate in [his or her] determination or decision how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." 20 C.F.R. §§ 404.1520c(b), 416.920c(b). They state that the

4

ALJ "will explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the claimant's] determination or decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). For claims filed on or after March 27, 2017, a licensed advanced practice registered nurse is an acceptable medical source for impairments within his or her licensed scope of practice. 20 C.F.R. §§ 404.1502(a)(7), 416.902(a)(7). *See* 82 Fed. Reg. 5844.

The doctrine of harmless error applies to administrative rulings. *Shinseki v. Sanders*, 556 U.S. 396, 407-08 (2009). "Procedural perfection in administrative proceedings is not required" and a judgment will not be vacated "unless the substantial rights of a party have been affected. . . . The major policy underlying the harmless error rule is to preserve judgmentsstand or and to avoid waste of time." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Harmless error exists when "[i]t is inconceivable that the ALJ would have reached a different conclusion on [the] record" absent the error. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). The claimant bears the burden of showing that prejudice resulted from an error. *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012).

B.   <u>The ALJ Erred by Not Discussing Joyce Vaughn PMHNP's Medical Opinion</u>

Plaintiff's second claim of error is addressed first and alone warrants reversal and remand. Plaintiff argues that the ALJ erred by not acknowledging, much less evaluating for persuasiveness, a favorable treating source medical opinion regarding Plaintiff's mental impairment made by Joyce Vaughn PMHNP, a certified adult

5

psychiatric nurse practitioner who regularly prescribed medicine to Plaintiff during the alleged period of disability between March 14, 2021 and July 20, 2022. Pl.'s Br. [7] at 2, 13-14. Nurse Practitioner Vaughn evaluated and prescribed medicine to Plaintiff on March 23, 2021; June 22, 2021; September 21, 2021; January 19, 2022; and March 1, 2022. R. [6] at 384, 426-27, 438-39. The ALJ's decision discusses Nurse Practitioner Vaughn's treatment records. *Id.* at 25-29.

The Mississippi Office of Disability Determination Services (DDS) solicited Nurse Practitioner Vaughn's opinion. R. [6] at 429-31. On October 1, 2021 Vaughn completed a DDS form that asked her about Plaintiff's limitations from mental impairment. *Id.* The form asked Vaughn to check a box indicating whether certain abilities were unlimited, good, fair, poor, none, or unknown. *Id.* at 430. Nurse Practitioner Vaughn indicated that Plaintiff's ability to relate to co-workers, deal with the public, interact with supervisors, and deal with work stress was poor, while her ability to follow work rules, use judgment, function independently, and maintain attention and concentration was fair. *Id.* at 430. Nurse Practitioner Vaughn indicated that Plaintiff's ability to understand, remember, and carry out complex job instructions was poor, and her ability to perform detailed but not complex and simple job instructions was fair. *Id.* Nurse Practitioner Vaughn indicated that Plaintiff's ability to behave in an emotionally stable manner was poor, while her ability to maintain personal appearance, relate predictably in social situations, and demonstrate reliability was fair. *Id.*

Where asked to "[d]escribe any limitations and include the medical/clinical findings that support this assessment, Nurse Practitioner Vaughn wrote, "depression, anxiety paranoia." *Id.* Where asked whether Plaintiff had problems maintaining attention or concentration in completing various tasks, chores or leisure activities, Nurse Practitioner Vaughn checked "yes." *Id.* at 431. Where asked whether Plaintiff exhibited problems relating to others, Nurse Practitioner Vaughn checked "yes." *Id.* Where asked if treatment was helping, Nurse Practitioner Vaughn checked "yes." *Id.*

The Commissioner does not dispute that Nurse Practitioner Vaughn is an acceptable medical source. The Commissioner admits that the medical opinion form completed by Nurse Practitioner Vaughn was not evaluated by DDS or the ALJ but argues first, that Vaughn's medical opinion consisted of check-the-box findings that "an ALJ will generally have good cause to not accept," and second, that Vaughn's opinion was contradicted by the weight of the evidence and Plaintiff's daily activities. Def.'s Mem. [9] at 9-10. In reply, Plaintiff asserts that the Commissioner cannot circumvent the articulation requirements of 20 C.F.R. § 404.1520c and 416.920c or submit post-hoc reasoning on behalf of the Commissioner. Pl.'s Reply [10] at 4. Plaintiff emphasizes that "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Id.* at 3-4 (quoting *Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir. 2000)).

Plaintiff relies on the United States Court of Appeals for the Fifth Circuit's decision in *Kneeland v. Berryhill,* 850 F.3d 749 (5th Cir. 2017) to support her

7

argument that the ALJ committed reversible legal error by not relying on or even mentioning Nurse Practitioner Vaughn's medical opinion. *Kneeland* was decided about three weeks prior to the effective date of the 2017 revisions to 20 C.F.R. §§ 404.1520c and 416.920c. The *Kneeland* court remanded where an ALJ did not consider an examining physician's medical opinion, holding that "the ALJ legally erred by rejecting [the examining physician's opinion] without explanation, which resulted in a [residual functional capacity determination] not based on substantial evidence." *Id.* at 759. The *Kneeland* court declined to accept the Commissioner's post-hac reasoning because "[s]uch reasoning is not present in the ALJ's decision, which is what this Court reviews. And it should go without saying that cursory, boilerplate language about carefully considering the entire record does not constitute an explanation for rejecting a medical opinion." *Id.* at 761.

While the Commissioner in *Kneeland* argued that any error in not addressing the examining physician's statement was harmless, the Fifth Circuit observed that "the Commissioner points to no cases in which an ALJ's failure to address an examining physician's medical opinion is deemed harmless. This is because . . . such an error makes it impossible to know whether the ALJ properly considered and weighed an opinion, which directly affects the RFC determination." *Id.* at 761-62. The *Kneeland* Court deemed the failure to address the examining physician's medical opinion to be prejudicial because it "directly affect[ed] the RFC determination." *Id.* Since *Kneeland,* and in a case subject to the 2017 regulation revisions, the Fifth

8

Circuit reiterated that "[a]n ALJ usually cannot reject a medical opinion without some explanation." *Webster,* 19 F.4th at 718 (citing *Kneeland,* 850 F.3d at 760)

The Commissioner does not attempt to factually distinguish *Kneeland* or even address *Kneeland* and instead solely relies on cases that "do[ ] not support the proposition that an ALJ may forgo analyzing an opinion altogether." *Kneeland,* 850 F.3d at 761. "[T]he cases the Commissioner cites do not rebut the general rule that rejecting a conflicting medical opinion nevertheless requires an explanation." *Id.* at 760-61. Here, the ALJ recited from several medical records where Nurse Practitioner Vaughn was the treating provider but did not cite or refer to Vaughn's medical opinion. The ALJ then contradicted Nurse Practitioner Vaughn's opinion by concluding that Plaintiff's mental impairment was not severe because it was only a slight abnormality that would have no more than a minimal effect on Plaintiff's ability to work. *See Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (stating that "an impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience").

The regulations plainly provide that medical opinions must be considered and cannot be rejected without an explanation. It cannot be known from the record whether the ALJ rejected Nurse Practitioner Vaughn's medical opinion without explanation or gave it no consideration. Plaintiff asserts that this legal error is not harmless because Nurse Practitioner Vaughn's medical opinion "supports marked

9

functional limitations whereas the ALJ's decision found that her limitations were only mild thus resulting in a denial at step 2." Pl.'s Br. [7] at 14. The Commissioner's Memorandum only asserts that the ALJ did not err and does not make an alternative argument regarding harmless error.[1] In asserting that the ALJ did not err, the Commissioner offers reasons why the Commissioner could have rejected Nurse Practitioner Vaughn's medical opinion. [9] at 7-11. "[I]t is neither the role of the Commissioner nor this Court to supply post hoc rationalizations for the ALJ's conclusions." *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-cv-166-HSO-RPM, 2021 WL 3708047, at *6 (S.D. Miss. Aug. 11, 2021), report and recommendation adopted, No. 120-cv-00166-HSO-RPM, 2021 WL 3663073 (S.D. Miss. Aug. 18, 2021). Because Nurse Practitioner Vaughn's medical opinion conflicts with the ALJ's finding at step two, it is conceivable that the ALJ could make a different decision upon further review. This case should be remanded to the Commissioner for additional proceedings.

Prior decisions from the Court support this recommendation. *See Peyton v. Comm'r of Soc. Sec.*, No. 2:20-cv-13-KS-RPM, 2021 WL 3828735 (S.D. Miss. Aug. 10, 2021), report and recommendation adopted, 2021 WL 3828445 (S.D. Miss. Aug. 26, 2021) (remanding where psychologist's medical opinion was not discussed); *Selg v. Comm'r of Soc. Sec.*, No. 1:18-cv-332-HSO-RHW, 2020 WL 1286216 (S.D. Miss. Mar.

---

[1] The Commissioner cites to the harmless error doctrine in the standard of review section of her Memorandum but does not mention the doctrine in the analysis section.

10

18, 2020) (remanding where evaluation performed by psychometrist, speech language pathologist, and social worker was not discussed).

So do numerous decisions from the United States District Court for the Northern District of Texas, a judicial district within the Fifth Circuit. *See Ladarrah W. v. Kijakazi,* No. 3:22-cv-00951-K-BT, 2023 WL 5156339 (N.D. Tex. July 20, 2023), report and recommendation adopted, 2023 WL 5158047 (N.D. Tex. Aug. 10, 2023) (remanding where physician assistant's medical opinion was not discussed); *Cyphers v. Comm'r, Soc. Sec. Admin.*, No. 4:21-cv-1368-P, 2022 WL 18495865 (N.D. Tex. Nov. 17, 2022), report and recommendation adopted, 2023 WL 1110301 (N.D. Tex. Jan. 30, 2023) (remanding where treating physician's medical opinion was not discussed); *Shedrick M. v. Kijakazi*, No. 3:20-CV-03056-M-BT, 2022 WL 4134786 (N.D. Tex. Aug. 18, 2022), report and recommendation adopted, 2022 WL 4133308 (N.D. Tex. Sept. 12, 2022) (remanding for "mandatory explanation" where ALJ did not mention a treating physician's medical opinion); *Guy v. Comm'r of Soc. Sec.*, No. 4:20-cv-01122-O-BP, 2022 WL 1008039, at *5 (N.D. Tex. Mar. 14, 2022) (finding even if court could intuit the ALJ's reasoning for rejecting medical opinion, remand was required to make explicit what was implicit), report and recommendation adopted, 2022 WL 1004241 (N.D. Tex. Apr. 4, 2022); *Tooker v. Comm'r of Soc. Sec.*, No. 6:18-CV-0055-BU, 2020 WL 6946517 (N.D. Tex. Nov. 25, 2020) (observing that "the regulations do not appear to contemplate a scenario where an ALJ fulfills his legal obligation to consider a medical opinion without also explicitly discussing how he did so"); *Amanda J. v. Saul,* No. 3:19-CV-1016-B, 2020 WL 4697880 (N.D. Tex. Aug. 13, 2020) ("[A]n

ALJ commits error when he fails to address or mention a medical opinion—irrespective of whether the ALJ could have rejected it.").

Because remand is appropriate on the grounds presented in Plaintiff's second claim of error, discussion of Plaintiffs first claim of error is unnecessary.

## III. RECOMMENDATION

It is recommended that the Court reverse the ALJ's decision and remand to the Commissioner under 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

## IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy, any party may serve and file with the Clerk of Court written objections to this Report and Recommendation. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection. L.U.Civ.R. 72(a)(3).

A district judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous,

conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 29th day of January 2024.

s/ *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE