IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LUEVRIN LOTT**                                                                                         **PLAINTIFF**

vs.                                               **CIVIL ACTION No.: 3:23-CV-00141-HTW-BWR**

**ACTING COMMISSIONER OF SOCIAL**                                         **DEFENDANT**
**SECURITY,** *Kilolo Kijakazi*

**ORDER ADOPTING REPORT AND RECOMMENDATION**

BEFORE THE COURT is the Report and Recommendation of United States Magistrate Judge Bradley W. Rath, filed in the above-captioned matter on January 29, 2024. [Docket No. 11].

Magistrate Judge Rath found that the Administrative Law Judge (ALJ) who denied Plaintiff's claim for relief failed to discuss a medical opinion of Plaintiff's treating nurse practitioner, Nurse Practitioner Vaughn, solicited by the Mississippi Office of Disability Determination Services (DDS). *Id.* at 6–8. Magistrate Judge Rath found that Nurse Practitioner Vaughn's DDS opinion "conflicts with the ALJ's finding" that "Plaintiff did not have a severe medically determinable impairment," and determined that the failure to discuss it was a reversible error which ran afoul of regulation and circuit law. *Id.* at 3, 5, 7–10.[1]

Defendant "acknowledges that this opinion was not evaluated by the state agency or the ALJ;" however, Defendant argues that the opinion "is the type of brief and conclusory statement that [the United States Court of Appeals for] the Fifth Circuit has found an ALJ will generally have

---

[1] (citing regulations compelling the ALJ to "articulate … how persuasive" the ALJ finds "all of the medical opinions" in the case record, *see e.g.*, 20 C.F.R. §§ 404.1520c(b), 416.920c(b), and the Fifth Circuit's holding that an "ALJ legally erred by rejecting [the examining physician's opinion] without explanation, which resulted in a [residual functional capacity determination] not based on substantial evidence" in *Kneeland v. Berryhill*, 850 F.3d 749 (5th Cir. 2017)).

good cause to not accept under the prior regulatory framework" and is "contradicted by the record of mild mental limitations, and thus non-severe mental impairments." [Docket No. 7] at 9–11. To the extent Defendant was hinting the ALJ's failure to consider Nurse Practitioner Vaughn's opinion was "harmless error"—which, as Magistrate Judge Rath identifies, Defendant did *not* explicitly argue—or that remand would be futile, Magistrate Judge Rath found it "conceivable that the ALJ could make a different decision upon further review." [Docket No. 11] at 9–10.

Magistrate Judge Rath ultimately recommended that this Court "reverse the ALJ's decision and remand to the Commissioner under 42 U.S.C. § 405(g) for further proceedings consistent with" his opinion. *Id.* at 12. Magistrate Judge Rath directed the parties to file any objections within fourteen (14) days. *Id.* at 12–13. Neither party has filed an objection to date.

Magistrate Judge Rath carefully considered the submissions of the parties, the record, and relevant law, and crafted a sound Report and Recommendation. This Court therefore ADOPTS Magistrate Judge Rath's Report and Recommendation. Accordingly, the decision of the Social Security Commissioner is hereby REVERSED, and this matter is REMANDED to the ALJ for further proceedings. On remand, the ALJ should explicitly evaluate Nurse Practitioner Vaughn's DDS opinion and explain what weight, if any, should be assigned to it.[2]

SO ORDERED AND ADJUDGED this the   9th   day of     July    , 2024.

/s/ HENRY T. WINGATE  
**HENRY T. WINGATE**  
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Magistrate Judge Rath deemed discussion of Plaintiff's other claims of error unnecessary. However, it may well serve the ALJ to consider Plaintiff's other claims of error to determine if other probative evidence should be discussed or assigned weight to pretermit further proceedings.